# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY THOMAS, | : | CIVIL NO: 1:13-CV-02569 |
| Petitioner, | : : : | (Judge Kane) |
| v. | : : | |
| MONICA RECKTENWALD, | : : | (Magistrate Judge Schwab) |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

**I.      Introduction.**

The "petitioner," Roy Thomas ("Thomas"), an inmate at FCI Allenwood has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging due process violations in connection with disciplinary proceedings that ensued after a "mass shakedown" at FCI Gilmer, a federal prison in West Virginia where he was formerly imprisoned. *Doc. 1*. More recently, however, Thomas concedes that he does not seek habeas corpus relief and requests that we convert the petition into a civil rights complaint. *See Doc. 20*. For the following reasons, we recommend that the Court decline Thomas's request and dismiss the petition without prejudice to him being permitted to re-file a civil rights pleading, bound by the confines of the Prison Litigation Reform Act ("PLRA").

## II.   Statement of Facts and of the Case.

Thomas received two incident reports following a "mass shakedown" at FCI Gilmer: one report for possession of non-hazardous contraband (tobacco) in violation of Code 331 ("tobacco violation") and one report for possession of intoxicants (alcohol) in violation of Code 113 ("alcohol violation"). Thomas received the tobacco violation report on May 6, 2012 and the alcohol violation report on May 3, 2012. Thereafter, on May 9, 2012, Thomas appeared before the Unit Disciplinary Committee ("UDC") regarding both violations. At this hearing, Thomas admitted that the discovered tobacco products were in his locker, but stated that the liquid, also discovered in his possession, was not drinking alcohol but rubbing alcohol, and "was for your face after shaving." Following the hearing, the UDC referred both matters to the Disciplinary Hearing Officer ("DHO"), who held hearings on May 21, 2012.

At the hearing before the DHO, Thomas was advised of his rights and also waived his rights to a staff representative and to call witnesses. Having determined that Thomas committed the tobacco violation, the DHO sanctioned Thomas to 15 days in disciplinary segregation (suspended pending 180 days clear conduct), and loss of telephone privileges for 60 days. Thomas, however, did not lose any good conduct time for this incident.

Regarding the alcohol violation, Thomas admitted to possessing the liquid, which he stated was not issued to him or purchased at the institution, but rather bought from another inmate. Thomas stated that he used the liquid on his head after he shaved. The DHO considered Thomas's statements and found it likely that the liquid was not drinking alcohol, but nevertheless found that Thomas was in possession of a highly flammable alcohol-based substance that inmates are prohibited from possessing because it could be used to start fires or as a weapon against staff or other inmates. As such, the DHO found that Thomas committed the prohibited Act of Possession of Hazardous Contraband ("contraband violation"), in violation of Code 108 (rather than the Code 113 possession of alcohol violation) and sanctioned him to 30 days in disciplinary segregation, an additional 30 days in disciplinary segregation (suspended pending 180 days clear conduct), a $200.00 fine, loss of commissary privileges for 12 months (with possible restoration after 6 months if fine paid), and loss of visiting and TRULINCS[1] privileges for 120 days. Similar to the tobacco violation, Thomas did not lose any good conduct time.

---

[1] TRULINCS is an acronym that stands for the Trust Fund Limited Inmate Computer System (TRULINCS), a "Federal Bureau of Prisons (BOP) program designed to, among other things, make a form of e-mail available to prisoners." *See Solan v. Zickefoose*, 530 Fed.Appx. 109, 110 (3d Cir. 2013).

On October 15, 2013, Thomas filed this petition for habeas corpus relief but subsequently failed to submit a filing fee or a proper motion to proceed *in forma pauperis*. Thus, on December 3, 2013, the Court dismissed the action without prejudice. *Doc. 5*. Subsequently, on December 17, 2013, in response to a motion Thomas filed, the Court reopened the case, *Doc. 8*, and, on June 10, 2014, ordered service of the petition, *Doc. 11*. Respondent then responded to Thomas's petition on July 1, 2014, *Doc. 13*, and after being granted two extensions of time, Thomas filed his reply on October 10, 2014, *Doc. 20*. The case was referred for disposition to the undersigned on May 13, 2015.

### III. Discussion.

Relief requested through the filing of a petition for habeas corpus is limited. *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). The writ of habeas corpus allows a prisoner to challenge the fact or duration of confinement or to seek a more speedy release from detention. *Presier v. Rodriguez*, 411 U.S. 475, 499-500 & n. 14 (1973); *see also Fattah v. Sabol*, 3:08-CV-1325, 2008 WL 2914830, at *1 (M.D. Pa. July 24, 2008). Claims that do not directly implicate the fact or duration of confinement, however, are not properly asserted in habeas. *See Leamer*, 288 F.3d at 540. Here, Respondent argues that this petition should be dismissed for lack of subject-matter jurisdiction because Thomas was not sanctioned with the loss of good conduct time for either incident; thus, the length or duration of his

4

prison confinement cannot be affected and his due process concerns cannot be challenged under §2241. *See Doc. 13*. In reply, Thomas concedes that he has not lost good conduct time and has "mischaracterized" his due process claim(s) regarding his discipline as a habeas matter; nevertheless, he urges this Court to convert the case to a civil rights action. *See Doc. 20*.

We agree that a decision in Thomas's favor would not alter his sentence or undo his conviction. Rather, his assertions of due process violations in the context of prison disciplinary proceedings, held in connection with the tobacco and contraband violations, concern the conditions of his confinement not the fact of it. Thomas's claim, to the extent he has one (and we make no comment on that issue), is not cognizable in habeas, and should have been brought as a *Bivens*[2] action since he was in federal custody at all relevant times. *Cf. Griffin v. Ebbert*, 3:07-CV-2239, 2008 WL 2036817, at *2 (M.D.Pa. May 9, 2008) (stating that an action for the loss of good-time credits challenges the duration of confinement and lies at the "core of habeas"). Accordingly, Thomas's petition, to the extent it truly ever was one, should be dismissed for lack of subject-matter jurisdiction. *Cardona v.*

---

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In Bivens, the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights. "A Bivens action, which is the federal equivalent of the [42 U.S.C.] § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).

*Bledsoe,* 681 F.3d 533, 537 (3d Cir. 2012) (affirming the dismissal of a habeas petition brought pursuant to § 2241 for lack of subject-matter jurisdiction); *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998) (where habeas petition does not challenge the fact or duration of confinement, subject-matter jurisdiction of the district court is lacking). This, however, does not end the discussion.

Aware of the liberal construction to be given to *pro se* pleadings in habeas matters, we, nevertheless, do not believe that it is appropriate to simply convert this mistakenly labeled matter to a civil rights action as Thomas requests. It would be particularly inappropriate to recast Thomas's action here because he may face obstacles under the PLRA. *See generally* 28 U.S.C. § 1915. Among other hurdles, Thomas would be responsible for paying the $350.00 filing fee imposed for civil actions, as opposed to the $5.00 fee for habeas matters, even if he is permitted to proceed *in forma pauperis*. Thomas may also be assessed a "strike" if the Court determined that his action was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). We, therefore, do not recommend that the Court re-characterize the instant habeas petition but rather that it dismiss the case without prejudice to Thomas filing a civil rights action if he so chooses, with these considerations in mind. *See Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) (identifying the differences between habeas corpus petitions and civil litigation including exhaustion under § 1997e(a), payment of the

full docket fee, and screening through the three-strikes rule, and concluding that the choice of which option to pursue should be left to the litigants); *Hernandez v. Martinez*, Civil Action No. 09-324, 2010 WL 1541678, at *2 (W.D.Pa. March 30, 2010) (dismissing habeas petition without prejudice to the filing of a civil rights action when petition fails to attack the validity of his sentence or the length of his custody).

## IV.   Recommendations.

Based on the foregoing, we recommend that Thomas's Petition for Writ of Habeas Corpus be dismissed for failing to state a claim cognizable under 28 U.S.C. § 2241 without prejudice to Thomas filing a civil rights action.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her

discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 30th day of October, 2015.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
